Mr. Justice Clayton
delivered the opinion of the court.
This was a bill of indictment preferred in the circuit court of Yalabusha county against the defendants. It contains two counts, the first of which charges them with an assault and battery, with intent to murder; the second with an assault and battery only. There was a demurrer to the indictment, which was overruled. The defendants were then tried, acquitted upon the first count, and .found guilty upon the second.
It is insisted that this joinder of counts is error, for which the judgment should be reversed. There seems to have been some want of uniformity in the decisions on this point at the common law, and in the different states of the Union. See 1 Chit. Cr. Law, 250, and notes. But in this state, there is a statute which clearly governs the case. Hutch. Code, 983, $ 22. But at common law such an objection could not have been made available, either upon demurrer, or in arrest of judgment, but only upon a motion to quash, or to compel the prosecutor to elect, on which count he would proceed. Chitty, 248.
By the- statute referred to, it is provided “ that upon an indict-. ment for an offence consisting of different degrees, the jury may find the defendant not guilty of the offence charged, but guilty of an inferior degree of such offence, and such conviction shall be a bar to any other indictment for any degree of the same offence.” Sec. 22 and 23. If, for example, there had been but the first count in this indictment, the jury might have found the defendant not guilty of the assault with intent to kill, but guilty of the assault and battery. The second count can do no harm, because, although the jury found upon it, they only found what they might have done, under the statute, without such count. At most it was but surplusage, and ought not to be allowed to vitiate. But we think there is now no impropriety in the joinder.
The other objections made to the indictment are not available, *471 especially as they are directed against the first count, and the defendants were acquitted upon that, and found guilty on the second.
No exceptions were taken to the grand jury, in the court below, either by plea or otherwise. We cannot in this court, after a plea of not guilty and trial without objection, go back to look for defects in the organization of that body.
The evidence in the case is rather of an unsatisfactory character. It shows that some suspicion was cast upon the principal witness for the prosecution. But the jury gave him credit, and it is not our province to say they did wrong in this respect.
The judgment is affirmed.